UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESH START ADVANTAGE, INC., <br> Plaintiff, <br> v. <br> AGGRIGATOR, INC., et al., <br> Defendants. | Case No. 23-cv-02285-VC <br><br> **ORDER GRANTING DEFAULT JUDGMENT** <br> Re: Dkt. No. 15 |

The motion for default judgment is granted. The Court has subject matter and personal jurisdiction over this case, the defendants were properly served, and Fresh Start has standing to sue. The *Eital* factors weigh in favor of default judgment: The complaint seems meritorious and adequately alleges a violation of the trust provision of the Perishable Agricultural Commodities Act. 7 U.S.C. § 499e. The sum of money at stake is meaningful but not enormous, and it is well supported by the record. A dispute over material facts is unlikely in light of the PACA license and invoices submitted. *See* Dkt. Nos. 15-3; 15-4. Even if the material facts could be disputed, since no answer has been filed, the allegations (other than those regarding damages) are taken as true in the absence of an answer. *Board of Trustees of Bay Area Roofers Health & Welfare Trust Fund v. Fajardo*, No. 19-cv-06586, 2020 WL 3396778, at *1 (N.D. Cal. June 19, 2020). And as Fresh Start notes, there is some evidence of several pending reparation complaints against the defendants for failure to pay other invoices, which detracts from the likelihood that the failure to respond in this action is due to excusable neglect. *See* Dkt. No. 15-9. Finally, it is due to the defendant's failure to appear or respond that the strong federal policy in favor of decisions on the merits cannot be vindicated.

There is one relatively more difficult question regarding the merits: whether it is

appropriate for judgment to be entered against Douglas Peterson at this point given Sunkist Growers, Inc. v. Fisher, 104 F.3d 280 (9th Cir. 1997). That case held that "individual shareholders, officers, or directors of a corporation who are in a position to control PACA trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under the Act." Id. The complaint alleges that Peterson had control of the trust assets and allowed them to be dissipated. Dkt. No. 1 at 7, 9–10. However, individuals can only be "secondarily liable" where the company's "assets are insufficient to satisfy the liability." Id. But the complaint never alleges that Amor Organics lacks the assets to cover the judgment. Fresh Start argues, based on out-of-circuit precedent, that it need not wait for the various pending claims against Amor Organics to be adjudicated to see whether enough is left in its coffers to cover this claim before seeking judgment against Peterson. That question is not easily answered. *Compare Coosemans Specialties Inc. v. Gargiulo*, 485 F.3d 701, 705–07 (2d Cir. 2007) ("When PACA trust assets are tied up in litigation . . . they are insufficient to satisfy the PACA liability because they are not 'freely available' for 'prompt payment' to trust beneficiaries as the PACA regulations require.") *with Pacific Tomato Growers, Ltd. v. Tanimura Distributing, Inc*., 2012 WL 5899417, at *14 (C.D. Cal. Nov. 13, 2012) (vacated on other grounds) ("It appears the law of this Circuit requires that the corporate trustee must first satisfy the liability to the extent possible, before recovery may be sought from the individuals. The Court would thus inquire of the parties the status of the [ ] bankruptcy."). Given Peterson's failure to engage with this action, even if the *Eital* factor regarding the merits is less definitively in Fresh Start's favor regarding Peterson, default judgment against him is still appropriate.

As to relief, all of Fresh Start's requests are supported by the record. First, Fresh Start seeks the unpaid principal of $185,634.00, which is supported by invoices with PACA notices showing $208,368.25 in shipments from which Amor Organics partial payment of $22,734.25 can be subtracted. Dkt. Nos. 15-2, at 2; 15-3. Second, Fresh Start seeks contractual prejudgment interest (through and including October 5, 2023) in the amount of $23,981.72, which is supported by the amortization schedule. Dkt. Nos. 15-5; 15-6. Third, Fresh Start seeks

reasonable attorneys' fees and costs under 7 U.S.C. § 499g(b). The requested attorneys' fees in the amount of $10,429.25 and costs in the amount of $685.00 are appropriate. Dkt. No. 15-5, at 3–4. Finally, post-judgment interest at the federal rate on all unpaid principal sums until the judgment is paid is also awarded.

      A separate judgment will follow.

      **IT IS SO ORDERED.**

Dated: October 11, 2023

VINCE CHHABRIA  
United States District Judge